IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DEWAYNE BARBER AND PAULETTE
BARBER, HUSBAND AND WIFE                                PLAINTIFFS

v.                      CASE NO. 4:11-CV-0234 JLH

CHESAPEAKE EXPLORATION, LLC;                            DEFENDANTS
BP AMERICA PRODUCTION COMPANY; AND
BHP BILLITON PETROLEUM (FAYETTEVILLE) LLC

## AGREED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

The parties to this case have sought, and/or may in the future seek, the discovery of certain information from each other which a party considers to be trade secret and/or confidential or proprietary information. To expedite the flow of discovery material, adequately protect and ensure the confidentiality of designated documents, records, communications, deposition testimony and other materials, and facilitate the prompt resolution of any disputes over confidentiality, Plaintiffs and Defendants hereby agree to the entry of this protective order. Accordingly, this Order is being entered pursuant to the Court's authority under Rule 26(c) of the Federal Rules of Civil Procedure.

IT IS HEREBY ORDERED THAT:

    1.    Definitions:

        a.    "Parties" shall include Plaintiffs and Defendants, as defined below.

        b.    "Plaintiffs" shall mean Dewayne Barber and Paulette Barber, Husband and Wife, and their agents, servants, employees, attorneys, legal representatives, and all other persons acting on their behalf.

1

c. "Defendants" shall mean BHP Billiton Petroleum (Fayetteville) LLC, Chesapeake Exploration, LLC, and BP America Production Company, and their respective divisions, successors, assigns, predecessors, affiliates, agents, servants, employees, attorneys, suppliers, officers, directors, shareholders, legal representatives, insurers, subsidiaries, sister and parent corporations, and all other persons, firms, corporations or other business entities that are or have been affiliated with or related to them.

d. "Document" shall have the meaning set forth in Fed. R. Civ. P. 34(a)(1).

e. "Confidential Information" shall mean non-public information contained in any Document, tangible medium of expression, or Discovery Material that is designated by any Producing Party as confidential and that contains trade secrets or other confidential research, development, or commercial information, such as customer identification, personal information, financial information, proprietary information, and other forms of sensitive business information.

f. "Discovery Material" shall mean any Document, including the contents, copies, excerpts and summaries thereof, furnished, provided, produced, filed, or served in response to any discovery request made by Plaintiffs or Defendants, used as an exhibit at a deposition or court hearing or trial, or otherwise exchanged in furtherance of the resolution of the above-captioned case. "Discovery Material" shall also mean any interrogatory answer or any testimony taken in this case or transcript thereof, including the contents, copies, excerpts and summaries thereof.

g. "Person" shall mean any individual, corporation, partnership, association, unincorporated organization or other entity.

h. "Producing Party" shall mean the person or entity that produces any

information that is subject to the terms of this Order.

2. This Order shall govern any Discovery Material designated as Confidential Information in accordance herewith.

3. Any Producing Party may designate Discovery Material it produces as Confidential Information, provided the Producing Party has a good faith belief that such information constitutes Confidential Information as defined herein, and that such designation is in accordance with any applicable law. The Producing Party may designate a Document as Confidential Information by placing the word "CONFIDENTIAL" on the document. The Producing Party may designate specifically identified portions of deposition testimony of a witness as Confidential Information at the time that the deposition testimony is elicited by indicating on the record at the deposition that the testimony is "Confidential," or by notifying the other parties in writing within 30 days of receipt of the transcript of the portion(s) of the transcript being designated as "Confidential." Nothing in this Order shall be construed as prejudicial to the rights of any party or non-party to designate any other materials as confidential, or to the rights of the Parties to contest any such designation of confidentiality. If any of the Parties contests the designation of any document or information as "Confidential" under this Order, the contest must be made in writing within 30 days of receipt of notice of the designation. If, after an attempt to meet and confer, no resolution is reached, any party shall have the right to challenge any designation of confidentiality by a Producing Party by seeking an order of the Court with respect to any Confidential Information. During the pendency of any such challenge, any Discovery Material designated as "Confidential" shall remain protected unless and until the Court rules otherwise.

4. Discovery Material designated herein as "Confidential" may be used by the Parties only for purposes of preparing for and conducting pretrial and trial proceedings in this action. Except as provided herein, Discovery Material designated as "Confidential," and information derived therefrom, shall be shown only to the following persons:

4.1 Named plaintiffs Dewayne Barber and Paulette Barber, and officers and employees of Defendants who are involved in assisting counsel in the defense of this case.

4.2 Counsel of record for the Parties and employees of such counsel as are required to assist in the preparation or conduct of this action;

4.3 Persons who do not fall within the category described in Section 4.1 above and who are witnesses at any deposition, hearing or trial in this action who counsel for the disclosing party believes in good faith are likely to have knowledge pertaining to the content of the Confidential Discovery Material; provided that, before being shown any "Confidential" Discovery Material, such persons shall be given a copy of this Order, and have executed the Acknowledgement attached as Exhibit A hereto;

4.4 Persons hired or consulted with as experts during the course of this litigation; provided that, before being shown any "Confidential" Discovery Material, such persons shall be given a copy of this Order, and have executed the Acknowledgement attached as Exhibit A hereto.

4.5 Court personnel, including stenographic, video reporters and/or translators engaged in such proceedings as are necessarily incident to the preparation or trial of this

action, as well as personnel of any other court where disclosure is necessary in connection with a motion or other matter relating to this case; and

4.6 If this Court so elects, any other person designated by Order of this Court, after notice to and an opportunity to be heard by all parties.

5. The persons described in Paragraph 4 as having access to the "Confidential" Discovery Material shall be prohibited from disclosing any such information to any other person except as provided herein, and each such person shall take appropriate measures to safeguard the confidentiality of the "Confidential" Discovery Material to prevent the willful or inadvertent disclosure thereof and to assure that the provisions of this Order are accomplished.

6. Any and all documents and materials subject to this protective order shall be kept so that they are not amenable to being read or seen by anyone other than the Parties, their attorneys, and others who have permission to view or obtain such documents and materials.

7. If it becomes necessary for "Confidential" Discovery Material to be filed with the Court, the party seeking to file the "Confidential" Discovery Material shall file an appropriate motion with the Court seeking leave to file the material under seal. Any Document designated as a trial exhibit (in accordance with the applicable rules of Court and orders of the Court) which contains Confidential Information may be offered into evidence and used in open court at trial unless the Producing Party obtains an appropriate order from the Court closing the courtroom.

8. A non-party that produces documents or provides testimony in this case may designate such information as "Confidential" provided that the non-party subscribes hereto by executing the Acknowledgement attached as Exhibit A hereto.

5

9. Upon final conclusion of this action, all copies of "Confidential" Discovery Material, including designated deposition testimony, shall be promptly returned to the Producing Party or destroyed. In addition, upon the Producing Party's request within forty-five (45) days of the conclusion of this action, an affidavit of compliance shall be provided to the Producing Party swearing or affirming that all "Confidential" Discovery Material and all copies thereof in the possession of the party so attesting have been returned to the Producing Party or destroyed.

10. In the event that any party is dismissed as a party to this action, it shall continue to be bound by and have rights under this Agreement. A party that is in possession of "Confidential" Discovery Material at the time it is dismissed from this action shall comply with Paragraph 9 promptly after the dismissal becomes final (*i.e.*, when all appeals have concluded or when the time to appeal has expired without a notice of appeal being filed).

11. If a party determines in good faith that "Discovery Material" which was not previously designated as "Confidential" should have been so designated as "Confidential" under paragraph 3, that party may make such designation at that time. A designation under this paragraph shall take effect at the time it is made.

12. The inadvertent production of a document otherwise subject to protection under the attorney-client privilege, work product doctrine or any other privilege recognized by applicable law shall not be deemed to be a waiver of said privilege. Any party who contends that such a document was inadvertently produced shall notify the other party within ten days of its discovery of such inadvertent production. The party to which the document was produced may return the document to the Producing Party and reserve all of its rights to seek an order from the Court compelling production of the document at the appropriate time. Alternatively, the party to

which the document was produced may retain the document, provided that the party seeks relief from the Court within 30 days from receipt of notification to compel production of such document on the ground that the document is properly subject to production. No such documents shall be copied or distributed until resolution of the privilege issue by the Court. The production of a document that a party believes to fall within any privilege or immunity shall not constitute a categorical waiver of such privilege or immunity.

13. Nothing in this Order shall be construed to impede or restrict use of Confidential Information by this Court or any of its personnel to the extent that such information is presented to the Court whether before or during trial. Nothing in this Order shall be deemed to restrict in any way a Producing Party or its attorneys with respect to the party's own documents or prevent a Producing Party from using or disclosing information obtained from public documents or other documents legally and properly obtained other than through discovery in this case.

14. It is agreed that this Agreed Protective Order contains the entire agreement and understanding between and among the parties hereto and supersedes any prior agreements and understandings among them respecting the subject matter hereof. There are no agreements or understandings (oral or written) between and among the parties hereto relating to the subject matter of this Order that are not set forth or expressly referred to herein. The agreement of the parties reflected herein may not be modified or amended except in a writing executed on behalf of all the parties hereto and approved by the Court.

SIGNED this 12th day of October, 2011.

_____
HONORABLE J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

AGREED TO:

**PLAINTIFFS DEWAYNE BARBER AND
PAULETTE BARBER, HUSBAND AND WIFE**

By: _____
Martin W. Bowen
Bowen Law Firm, PLLC
P. O. Box 7273
Little Rock, AR 72217

*Attorney for Plaintiffs*

**DEFENDANTS CHESAPEAKE EXPLORATION, LLC,
BHP BILLITON PETROLEUM (ARKANSAS) INC., and
BP AMERICA PRODUCTION COMPANY**

By: _____
G. Michael Millar
Lindsey K. Bell
Millar Jiles Cullipher, LLP
401 W. Center
P.O. Box 1406
Searcy, AR 72145-1406

*Attorneys for Defendants*

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DEWAYNE BARBER AND PAULETTE
BARBER, HUSBAND AND WIFE                                PLAINTIFFS

v.                      CASE NO. 4:11-CV-0234 JLH

CHESAPEAKE EXPLORATION, LLC;                            DEFENDANTS
BP AMERICA PRODUCTION COMPANY; AND
BHP BILLITON PETROLEUM (FAYETTEVILLE) LLC

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER

The undersigned acknowledges that he/she has read the Agreed Protective Order Regarding Confidential Information entered by the Court in the above-captioned case, understands the terms thereof and agrees to be bound by such terms. The undersigned accepts responsibility for the return or destruction of any Confidential Information received under the terms of the Order.

_____          _____
Date                               Signature

                                   _____
                                   Print Name (if executing on behalf of an
                                   entity please so indicate)

9